IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

EDWIN ANIBAL RODRIGUEZ AGOSTO
xxx-xx-4873

DEBTOR

CASE NO. 24-03032 MCF

CHAPTER 13

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **EDWIN ANIBAL RODRIGUEZ AGOSTO,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1. The Debtor is hereby submitting an amended Chapter 13 Plan, dated October 10, 2024, herewith and attached to this motion.

2. The Plan is amended to modify **Part 2, Section 2.1: to increase the Plan base to $144,440.00 to cure the "insufficiency funded" issue raised by the Chapter 13 Trustee; Part 3, Section 3.5 to state the correct account number to identify the creditor which collateral is being surrendered (Caribe Federal Credit Union/x4873); Part 3, Sections 3.6 and 3.7 to state the correct claim I.D. for First Bank Claim No. 2-1; Part 4, Section 4.6 to state the correct maturity date of the car loan with First Bank Claim No. 2-1 which is 03/2024; Part 5, Section 5.1 to provide for the "pool" amount of $210,322.80, for the estimated payment of unsecured claims in the present case in the sum of $116,387, and for the "liquidation value" of $26,187 (P.V.), in the above captioned case.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## **NOTICE**

**You are notified that within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this**

paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 10th day of October, 2024.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re: RODRIGUEZ AGOSTO, EDWIN ANIBAL

xxx-xx-4873
xxx-xx-

Case No.: 24-03032-13

Chapter 13

☑ Check if this is a pre-confirmation amended plan.

☐ Check if this is a post confirmation amended plan
Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** _10/10/2024_ .

☑ If this is an amended plan, list below the sections of the plan that have been changed.

**2.1; 3.5; 3.6; 3.7; 4.6; 5.1**

---

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

**PART 2: Plan Payments and Length of Plan**

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $1,600.00 | 12 | $19,200.00 | Payment step-up at month 13th based on expected income increase; |
| $2,360.00 | 22 | $51,920.00 | Payment step-up at month 35th based on maturity date vehicle loan maturity date (06/2027) Claim No. 8-1. |
| $2,820.00 | 26 | $73,320.00 | |
| Subtotals | 60 | $144,440.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**PART 3: Treatment of Secured Claims**

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| DLJ Mortgage Capital Inc | 901 ZIRCONIA STREET PASEOS SALVATIERRA J-1 901 ZIRCONIA STREET San Lorenzo, PR 00754 | $424.00 | $690.75 | | | $690.75 |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | _____ Months | Starting on Plan Month _____ | |
| Freedom Road Financial | 2021 Can-Am Spyder Roadster RT<br>VIN: 2BXNBDD43MV000503 | $443.00 | | | | |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Coop Sagrada Familia | Coop A/C Sagrada Familia (shares and deposit)<br>Savings account<br>Acct. No.: X6736 |
| Caribe Federal Credi | Caribe Federal Credit Union (Shares and deposits)<br>Checking account<br>Acct. No.: X4873 |

3.6     **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| First Bank Claim No. 2-1 | $300.00 | |

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7     **Other secured claims modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| First Bank Puerto Rico | 2-1 | $4,120.92 | 0.00% | | | | | | $4,120.92 |
| | | ☑ To be paid in full 100% | | | | | | Starting on Plan Month _____ | |
| Empresas Berrios | | $2,360.38 | 0.00% | | | | | | $2,360.38 |
| | | ☑ To be paid in full 100% | | | | | | Starting on Plan Month _____ | |

**PART 4: Treatment of Fees and Priority Claims**

4.1     **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2     **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3     **Attorney's fees**

*Check one.*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $292.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $3,708.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | |

4.4     **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

Check one.

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

4.6 **Post confirmation property insurance coverage**

Check one.

☐ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

☑ The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| First Bank Puerto Rico | Eastern American Insurance | 03/2024 | $45.00 | $540.00 |
|  |  |  | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) |  |

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

Check all that apply.

☑ The sum of **$210,322.80** .

☑ **100.00%** of the total amount of these claims, an estimated payment of **$116,387.00** .

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$26,187.00 (P.V.)**.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

5.3 **Other separately classified nonpriority unsecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| First Federal Savings Bank/ Firstbank PR | | $1,568.00 | $3,292.80 | | $3,292.80 |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | | |

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☑ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____.

7.2 **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 **Check "None" or list the nonstandard plan provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
   The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

2. **8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to Funds the Plan:**
   Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

3. **8.4 This Provisions Supplements Part 6 Executory Contracts and Unexpired Leases:**
   The Debtor proposes to pay First Bank Puerto Rico/First Leasing the residual balance $22,112.00 on or before the lease contract maturity date of 02/2028, through a refinancing of said balance with First Bank /First Leasing, the Debtor to obtain prior Court authorization to incur in this refinancing.

4. **8.5 This Provisions Supplements Part 6 Executory Contracts and Unexpired Leases:**
   The Debtor to provide insurance coverage for the 2022 Ford Bronco as required in the lease agreement in favor of Lessor First Bank PR (Claim No. 3-1).

**PART 9: Signature(s)**

/s/Roberto Figueroa Carrasquillo
Signature of Attorney for Debtor(s)
Roberto Figueroa Carrasquillo
RFigueroa Carrasquillo Law Office PSC

Date 10/10/2024

Date _____

Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 24-03032-MCF13<br>District of Puerto Rico<br>Old San Juan<br>Thu Oct 10 11:05:02 AST 2024 | COOP A/C LA SAGRADA FAMILIA<br>CALLE BOU #38<br>PO BOX 102<br>COROZAL, PR 00783-0102 | DLJ MORTGAGE CAPITAL INC C/O SELECT PORTFOLI<br>LBRG LAW FIRM<br>PO BOX 65250<br>SALT LAKE CITY, UT 84165-0250 |
| FIRST BANK PUERTO RICO<br>PO BOX 9146<br>SAN JUAN, PR 00908-0146 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | AAA<br>PO Box 70101<br>San Juan, PR 00936-8101 |
| AAFES<br>Attn: Bankruptcy<br>PO Box 650060<br>Dallas, TX 75265-0060 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Amex<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998-1540 |
| Army & Air Force Exchange Services<br>Attention: GC-G<br>3911 S. Walton Walker Blvd.<br>Dallas, TX 75236-1509 | BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 | Banco Popular de Puerto Rico<br>PO Box 362708<br>San Juan, PR 00936-2708 |
| COOP A/C LA SAGRADA FAMILIA<br>PO BOX 102<br>COROZAL PR 00783-0102 | Carib Fed Cu<br>Ofic 733 Fed Bldg<br>Hato Rey, PR 00918 | Caribe Federal Credit Union<br>195 O'neill St.<br>San Juan, PR 00918-2404 |
| Cavalry SPV I, LLC<br>PO Box 4252<br>Greenwich, CT 06831-0405 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | Empresas Berrios<br>Attn: Bankruptcy<br>PO Box 674<br>Cidra, PR 00739-0674 |
| FIRSTBANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION -(CODE 248)<br>PO BOX 9146, SAN JUAN PR 00908-0146 | First Bank<br>PO Box 13817<br>San Juan, PR 00908-3800 | First Bank Puerto Rico<br>Attn: Bankruptcy/FirstLine Solutions<br>PO Box 9146<br>San Juan, PR 00908-0146 |
| First Federal Savings Bank/ Firstbank PR<br>Attn: Bankruptcy<br>PO Box 9146<br>San Juan, PR 00908-0146 | Freedom Road Financial<br>Attn: Bankruptcy Attn: Bankruptcy<br>10509 Professional Circle , Suite 100<br>Reno, NV 89521-4883 | FreedomRoad Financial<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 |
| IC System Inc<br>Banfield Pet Hospital<br>PO Box 64378<br>Saint Paul, MN 55164-0378 | Island Finan<br>attn: Bankruptcy 1863 Calle Loiza<br>San Juan, PR 00911 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| MUEBLERIAS BERRIOS<br>PO BOX 674<br>CIDRA, P.R. 00739-0674 | Omni Financial<br>Attn: Bankruptcy<br>PO Box 81844<br>Las Vegas, NV 89180-1844 | Omni Financial<br>PO Box 53628<br>Fayetteville, NC 28305-3628 |

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

SELECT PORTFOLIO SERVICING INC
ATTN: REMITTANCE PROCESSING
PO Box 65450
SALT LAKE CITY UT 84165-0450

Synchrony Bank/Sams
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

EDWIN ANIBAL RODRIGUEZ AGOSTO
URB VILLA DEL CARMEN M2
ARECIBO STREET
CAGUAS, PR 00725

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

OSMARIE NAVARRO MARTINEZ
CHAPTER 13 TRUSTEE
PO BOX 9024062
SAN JUAN, PR 00902-4062

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
PO Box 7999
St. Cloud, MN 56302-9617

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)First Federal Savings Bank/ Firstbank Pr
Attn: Bankruptcy
PO Box 9146
San Juan, PR 00908-0146

End of Label Matrix
Mailable recipients   36
Bypassed recipients    1
Total                 37